**ADAMS & BOYLE, P.C., et al. Plaintiffs–Appellees,**

v.

**TENNESSEE DEPARTMENT OF HEALTH, et al. Defendants–Appellants.**

**No. 00–5592.**

United States Court of Appeals, Sixth Circuit.

Feb. 9, 2001.

Before MERRITT, KENNEDY, and GILMAN; Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs, Drs. Adams and Boyle and Adams & Boyle, P.C., d/b/a The Women's Center, filed suit against the Tennessee Department of Health on behalf of themselves and several of their patients, challenging the constitutionality of various sections of the Tennessee Health Planning and Resource Development Act of 1987, codified at Tennessee Code Ann. §§ 68–11–111, –201, –213(a)(1) & (b)(2), and –223 (1996). The Bristol Regional Women's Center and Dr. Oliver were later added as plaintiffs. The complaint also requested that the court grant a preliminary injunction enjoining the Department from enforcing (1) the above sections of the Act

and (2) a state-court injunction the Department had obtained that required the Center to cease performing abortions. The court abstained from deciding the claims of the original plaintiffs since they were the subject of state court litigation and dismissed them from the case. The Act requires private physicians' offices that perform a "substantial number" of abortions to obtain a certificate of need and a license. See Tenn.Code Ann. §§ 68–11–106, –201(3), –204(a)(1). The gravamen of plaintiffs' complaint is that the language "substantial number" is unconstitutionally vague and the license and certificate requirements violate a woman's right to an abortion.

The district court agreed that the Act's language was unconstitutionally vague and granted plaintiffs' request for injunctive relief. However, it is unclear from its opinion and order whether the court had granted a preliminary injunction or final relief. In its opinion, the court indicates that it is reviewing the plaintiffs' request for a preliminary injunction and in certain portions analyzes the claims as such. But in other portions, the opinion states more definitively that the Act is unconstitutionally vague: "Section 213(b)(2), as applied to Plaintiffs via Section 201(3), 'violates the Due Process Clause.'" And the opinion and the order state that the court is enjoining the Department from enforcing the sections of the Act without indicating that it will conduct further proceedings on the merits or indicating the time frame of the injunction. Such language suggests that the district court permanently enjoined the Department from enforcing the Act's certificate and license requirements. Because the motion before the court was for a preliminary injunction, we believe the district court was speaking tentatively and construe the order as granting a prelimi-

nary injunction rather than a permanent injunction.

We review a district court's decision to grant a preliminary injunction for abuse of discretion and accord great deference to the district court. In considering whether to grant a motion for a preliminary injunction, the district court should consider the following factors: (1) whether the movant has a strong likelihood of success, (2) whether the movant would suffer irreparable harm without the injunction, (3) whether issuance of the injunction would cause substantial harm, and (4) whether the public interest would be served by issuance of the preliminary injunction. *See Blue Cross & Blue Shield Mutual v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir.1997).

■ Although this appeal raises serious appellate issues, we cannot say that the district court applied an erroneous legal standard, improperly applied the governing law, or made any clearly erroneous findings of fact.

■ We do, however, have trouble with a portion of the court's ruling on whether to abstain from hearing the claims of certain plaintiffs. After evaluating the State's claim that several of the parties to the federal lawsuit were also parties to the state-court proceedings and therefore the federal district court should abstain from hearing the claims of those parties, the district court dismissed the Center and Drs. Adams and Boyle, in their capacity as owners of the Center, from the case. But it stated that it was allowing the patients of the Center—approximately fifty women—to remain as parties to the lawsuit, describing them as a "subclass." These women never obtained certification as a class. Indeed, they were never formally made parties to the lawsuit; the plaintiffs' complaint and amended complaint did not lists these patients—individually or as a class—as party to the action. *See* 5 MOORE'S FEDERAL PRACTICE § 23.60 (Matthew Bender 3d ed.). Rather, their interests were represented by Drs. Adams and Boyle and the Center, all dismissed from the case by the district court. *See Singleton v. Wulff*, 428 U.S. 106, 118, 96 S.Ct. 2868, 49 L.Ed.2d 826, (1976) (plurality opinion); *Planned Parenthood Ass'n, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1396 (6th Cir.1987). Because the fifty women were never a party to the lawsuit, but rather had their interests represented in the suit by the Center and its physicians as owners of the Center and they have been dismissed, we see no basis to accord the women party status. While other plaintiffs have been added to the action who can represent the interests of their women patients, they are not the original fifty women. There needs to be a clarification of their status.

Defendants' brief does not address the issue of whether the statute is unconstitutional as applied to the Bristol Regional Women's Center or other entities aside from Dr. Oliver or whether it is appealing the court's decision that the statute is unconstitutional as applied.

With the exception of the decision allowing the "subclass" of women patients to continue as a party to the lawsuit, we affirm the order and remand the case for further proceedings.

The district court should promptly conduct such further hearings as necessary to finally determine the matter as to all parties.